CARR, J., DISSENTING.
 

 {¶ 45} I respectfully dissent in regard to the second assignment of error.
 

 {¶ 46} This Court has previously held that the aggravated riot statute does not require that the State prove that the participants "acted in concert" throughout the entirety of the pertinent factual sequence.
 
 State v. Covey
 
 , 9th Dist. Lorain No. 03CA008272,
 
 2004-Ohio-30
 
 ,
 
 2004 WL 32623
 
 , ¶ 6. In reaching this conclusion, we relied on the Second District's decision in
 
 State v. Brandon
 
 , 2d Dist. Greene No. 88 CA 57,
 
 1989 WL 72232
 
 (June 28, 1989).
 
 Brandon
 
 involved a scenario where a group of six men, armed with guns, traveled to a local college campus to confront a rival cohort from another town.
 
 Brandon
 
 at *3. Upon entering campus, the two cars carrying the men separated and traveled down different streets.
 
 Id.
 
 at *4. The passengers in one of the cars were involved in a gun fight where one of their rivals was shot and killed.
 
 Id.
 
 at *7-8. The court recognized that the State was not required to "establish that the six acted in concert after they reached the campus."
 
 Id.
 
 at *7. Significantly, however, the court upheld the aggravated riot conviction of one of the passengers who was in the other vehicle on the basis that all six men went to the campus with the same "corporate purpose[.]"
 
 Id.
 
 Thus, while R.C. 2917.031 notes that the State is not required to demonstrate that R.H. "expressly agreed" to engage in a course of disorderly conduct with at least four other people, the State was required, at a minimum, to demonstrate R.H.'s behavior was in some way connected to the actions of the other individuals in the classroom.
 

 {¶ 47} Here, Officer Oliver admitted during his testimony that as the incident was ongoing, he "couldn't distinguish which kid[ ] was doing what." Even upon reviewing the video and conferring with
 his fellow officers, Officer Oliver's testimony established that, at most, R.H. engaged in a fight with one other individual. Significantly, there is no evidence that R.H.'s actions were connected to the actions of the other individuals involved in the classroom incident. The State did not present evidence in this case that the scope of R.H.'s participation extended beyond his involvement in a one-on-one altercation, nor did the State establish that R.H. acted with the same corporate purpose as other individuals involved in the incident. Under these circumstances, I would conclude that the State failed to present sufficient evidence to demonstrate that R.H. "participate[d] with four or more others in a course of disorderly conduct" with the purpose of facilitating the assault in violation of R.C. 2917.02(B)(2). R.C. 2917.02(A).